UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LASSISSI AFOLABI,                   :
                                    :
         Petitioner,                :    Civ. No. 19-8802 (NLH)
                                    :
    v.                              :    OPINION
                                    :
DAVID E. ORTIZ,                     :
                                    :
         Respondent.                :
_____ :

APPEARANCES:

Lassissi Afolabi
28877-050
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

John Andrew Ruymann, Chief, Civil Division
Susan R. Millenky, AUSA
Office of the U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ 07102

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Lassissi Afolabi, a prisoner presently confined at FCI Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking to vacate his guilty plea entered on August 26, 2009 before the Honorable Jose L. Linares, D.N.J.. ECF No. 1; see also United States v.

Lassissi Afolabi, No. 07-cr-0785 (D.N.J. Aug. 26, 2009) (ECF No. 120). He argues "he was premised [sic], adduced, and coerced to plead guilty by his attorney in conjunction with the government, thereby incarcerated in violation of the constitution and law of the United States." ECF No. 1 at 3. Respondent United States now moves to dismiss the petition for lack of jurisdiction. ECF No. 8. Petitioner opposes the motion. ECF No. 9.

The Motion is now ripe for disposition. For the reasons that follow, the Court will grant the motion to dismiss.

I. BACKGROUND

"From October 2002 through September 2007, Afolabi conspired with his wife, Akouavi Afolabi, and others to commit forced labor of more than 20 girls, aged 10 to 19." United States v. Afolabi, 455 F. App'x 184, 185 (3d Cir. 2011). "They recruited the girls from impoverished villages in Togo and Ghana and brought them to the United States with fraudulently obtained visas. The girls were required to work in hair-braiding salons for up to 14 hours per day, six or seven days a week, and to relinquish all of their earnings. They were beaten and psychologically and sexually abused." Id. On August 26, 2009, Petitioner pled guilty to three counts of a superseding indictment charging him with "conspiracy to commit forced labor, trafficking with respect to forced labor, and document servitude, contrary to 18 U.S.C. §§ 1589, 1590, and 1592, in

violation of 18 U.S.C. § 371; in Count 13, with providing and obtaining the forced labor of P.H. in violation of 18 U.S.C. §§ 1589 and 2; and in Count 23, with traveling for the purpose of engaging in illicit sexual conduct with S.X, in violation of 18 U.S.C. §§ 2423(b) and 2." Plea Agreement, Afolabi, No. 07-cr-0785 (D.N.J. Aug. 26, 2009) (ECF No. 122 at 1). Petitioner received a 292-month term of imprisonment with a life term of supervised release. Amended Judgment, Afolabi, No. 07-cr-0785 (D.N.J. July 13, 2010) (ECF No. 206). Petitioner was also required to register as a sex offender and pay $3,949,140.80 in restitution. Id.

Petitioner filed a direct appeal arguing the United States breached his plea agreement and the sentencing court improperly calculated his offense level. The Court of Appeals rejected both of those arguments and affirmed Petitioner's conviction and sentence. Afolabi, 455 F. App'x 184. Petitioner thereafter filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255. "Although Petitioner presents his claims as manifold, he essentially presents two arguments as to how counsel was allegedly ineffective: that counsel failed to fully investigate and prepare his defense, and that counsel pushed him to take a plea agreement he didn't adequately understand." Afolabi v. United States, No. 13-1686, 2016 WL 816749, *6 (D.N.J. Feb. 29, 2016). The court denied the § 2255

motion, and the Third Circuit denied a certificate of appealability, Afolabi v. United States, No. 16-1983 (3d Cir. Aug 29, 2016).

Petitioner filed this petition under 28 U.S.C. § 2241 on March 21, 2019. ECF No. 1. "The Petitioner claims that he is actually innocent of all the charges against him because of erroneous advice he had from his attorney to enter into a plea agreement for the crime he did not commit." Id. at 19. "Mr. Afolabi argues that fact, he did not have sex with the girl when they travelled to North Carolina, therefore, this crime could not stand. Mr. Afolabi had no sex with S.X. and based on the age approximation of S.X. - she was older than 16 as indicated in Mr. Afolabi's PSR."[1] Id. at 20. "Under New Jersey and North Carolina Penal Codes Statute one has to be under 16 years old to qualify as a minor." Id. He also asserts that his sentence was improperly "enhanced by 4 levels based on an alleged aggrivated [sic] sexual abuse claims of an adult ex-girlfriend whom he had a relationship with four years earlier, way before his arrest." Id. at 21. He argues this charge is not a crime of violence and therefore his sentence is unconstitutional. Id. at 21-22 (citing Sessions v. Dimaya, 138 S. Ct. 1204 (2018)).

---

[1] Petitioner submitted his PSR to be filed on the docket. ECF No. 1-2. Because a PSR is not a document intended for public filing, the Court will order the exhibit to be sealed.

4

Respondent United States now moves to dismiss the petition based on a lack of jurisdiction under § 2241. ECF No. 8. It argues the claims raised in the petition may only be brought in a § 2255 proceeding and that Petitioner does not qualify for the savings clause of § 2255(e). Petitioner opposes the motion. ECF No. 9.

II. DISCUSSION

　A.　Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

　B.　Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity

of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner asserts this Court should exercise jurisdiction over the merits of the petition because he is actually innocent of the crimes to which he pled guilty. Actual innocence for purposes of § 2241 means "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision . . . ." Dorsainvil, 119 F.3d at 252. However, Petitioner argues he was never guilty to begin with because he never had sex with S.X., S.X. was over 16, his relationship with P.H. was consensual, and P.H. was an adult. He argues trial counsel was aware of all of these facts but coerced him into pleading guilty. See ECF No. 1 at 15 ("Mr. Afolabi raises a number of interrelated challenges to the validity of his guilty plea, but specifically argues that his plea was adduced, coerced, made without fully understanding of

6

the charges, and in reliance on promises made (and subsequently broken) by the prosecutor."); Id. at 27 (arguing trial counsel "failed Mr. Afolabi by ignoring, omitting, and suppressing the facts surrounding the trip to North Carolina with S.X. that he defendant/petitioner did not have sex with S.X. who at the time the government claimed was under 18, including the purpose of the trip.").

Petitioner has not established actual innocence within the meaning of § 2241. He admitted at his Rule 11 hearing that S.X. was "around 11 years old" when he picked her up from JFK on October 24, 2002. Transcript of Plea, Afolabi, No. 07-cr-0785 (D.N.J. Aug. 26, 2009) (ECF No. 124, 34:19). The trip to North Carolina took place on or about March 4, 2006, which would have made S.X. 14 or 15 years old. Id. at 39:12-17. Petitioner prevaricated on her exact age, but he admitted he knew she was under 18. Id. at 40:12-14. "Petitioner also testified that, during that trip, he pushed [S.X.] onto a bed and tried to have sex with her, even though she begged him not to do so as he was old enough to be her father." Afolabi v. United States, No. 13-1686, 2016 WL 816749, at *3 (D.N.J. Feb. 29, 2016).

Both parties occasionally refer to Petitioner's conviction as being for "Transportation of minor with Intent to Engage in Criminal Sexual Activity", but "[b]y its unambiguous terms, § 2423(b) criminalizes interstate travel for an illicit purpose.

7

The actual age of the intended victim is not an element of the offense; criminal liability 'turns simply on the purpose for which [the defendant] traveled.'" United States v. Tykarsky, 446 F.3d 458, 469 (3d Cir. 2006) ((quoting United States v. Root, 296 F.3d 1222, 1231 (11th Cir. 2002) (alteration in original)). See also Plea Agreement, Afolabi No. 07-cr-0785 (D.N.J. Aug. 26, 2009) (ECF No. 122 at 1) ("traveling for the purpose of engaging in illicit sexual conduct with S.X, in violation of 18 U.S.C. §§ 2423(b) and 2"). Therefore even Petitioner admitted facts that establish S.X.'s age, Petitioner's § 2423(b) conviction would stand even if S.X. was over 16.[2] Petitioner has not pointed to a Supreme Court decision

---

[2] Many of the cases cited by Petitioner regarding age limits are immigration cases deciding what offenses make someone removable from the United States. See, e.g., Esquivel-Quintana v. Sessions, 137 S. Ct. 1562, 1567 (2017). Although it is presumed that immigration proceedings will commence upon the conclusion of Petitioner's custodial term, he is currently in the custody of the Bureau of Prisons, not immigration authorities. The Court is not aware of Petitioner, who is a citizen of Togo, being subject to a final order of removal, nor does this Court have jurisdiction to determine whether he is removable from the United States. 8 U.S.C. § 1252(g). Petitioner must wait until immigration proceedings have commenced before challenging his removal status in the appropriate Court of Appeals as § 1252(g), as amended by the REAL ID Act. Pub. L. No. 10943, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to [(a)] commence proceedings, [(b)] adjudicate cases, or [(c)] execute removal orders.'" Chehazeh v. Att'y Gen., 666 F.3d 118, 134 (3d Cir. 2012) (quoting Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)).

that invalidates his conduct; therefore, he has not demonstrated "actual innocence" for purposes of § 2241.

To the extent he argues he was coerced into taking this plea by his counsel, Petitioner substantively raised this claim in his motion under § 2255. See Afolabi v. United States, No. 13-1686, 2016 WL 816749, at *7 (D.N.J. Feb. 29, 2016) ("Petitioner asserts that had counsel properly investigated, he would have found that Petitioner was innocent of the charges arrayed against him."). Judge Linares rejected this argument, noting that "Petitioner admitted during his plea colloquy that he and his former wife kept the girls, forced them to work in their salons, did not pay them nor keep any tips they made . . . and that Petitioner engaged in sexual intercourse with several of the girls, including the use of force and his transport of one under age girl out of state so that Petitioner could have sex with her." Id. Judge Linares also related Petitioner's testimony at Petitioner's ex-wife's trial, wherein he testified "that he forced [P.H.] into having sex with him, and attempted to do likewise with underage [S.X.] when he took her to the Carolinas with the purpose of having sex with her, which he attempted to do over her objections. Thus, it is clear from Petitioner's own testimony that he is guilty of all three of the counts to which he pled guilty, and his current assertions of innocence are without merit." Id.

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . ." Id. at 539. See also Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam) (sentencing court's prior denial of identical claims does not render § 2255 remedy "inadequate or ineffective"). Because this argument is merely a rehashing of an argument raised in Petitioner's § 2255 motion or is an argument that Petitioner could have made in his § 2255 motion, the Court lacks jurisdiction under § 2241. See Francis v. Smith, 165 F. App'x 199 (3d Cir. 2006) (challenge to voluntariness of plea improper under § 2241).

Petitioner also argues his sentence was improperly enhanced for aggravated sexual abuse of P.H. ECF No. 1 at 31. "The generic federal definition of sexual abuse a minor requires that the victim be younger than 16. Here, [P.H.] was an adult not a minor. She was older than 18 years of age at the time." Id. He argues he had a consensual relationship with P.H. and was coerced into admitting he raped her. "In this instant case, Mr. Afolabi did not commit the crime his being enhanced for by 4

levels.  Also, the Petitioner does not meet the above -stipulated elements as to this alleged 'Rape' charge that did not occur." Id. at 39.

The Third Circuit has not addressed whether prisoners may challenge sentencing enhancements using § 2241.  See Murray v. Warden Fairton FCI, 710 F. App'x 518, 520 (3d Cir. 2018) (per curiam) ("We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions."); Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018) (citing United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015)).  To use § 2241, "[w]hat matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).  Petitioner insists his sexual relationship with P.H. was consensual and between adults.  This is an argument Petitioner could have raised on direct appeal or in his § 2255 motion.  Moreover, there is no intervening Supreme Court decision rendering Petitioner's conviction invalid as Sessions v. Dimaya, which held that the Immigration and Nationality Act's residual clause and its definition of "crime of violence" was void for vagueness, is not applicable to Petitioner's sentence.  138 S.

Ct. 1204 (2018). The Court therefore lacks jurisdiction over the § 2241 petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Third Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Third Circuit as it does not appear that he can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Third Circuit's permission to file on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction the Petition brought pursuant to 28 U.S.C. § 2241 will be granted. An appropriate order will be entered.

Dated: March 23, 2020         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.